# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50708
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCUS A. GARZA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-323-1

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:[*]

Marcus A. Garza pleaded guilty to one count of bank fraud and one count of failure to file income tax returns. The district court imposed a total sentence of 30 months and restitution of $681,943.27. On direct appeal, we vacated the restitution order and remanded the case for assessment of restitution. On remand, the district court denied motions by Garza seeking to withdraw his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50708

guilty plea and to expand resentencing beyond the issue of restitution. The district court amended the judgment of conviction to reflect $0 in restitution.

Garza argues that the district court erred by refusing to address the validity of his plea or the calculation of his sentence on remand. Garza did not challenge either the validity of his conviction or the calculation of his prison sentence on direct appeal. As neither issue had been challenged before this court, neither was subject to examination by the district court on remand or by this court in this subsequent appeal. *See United States v. Teel*, 691 F.3d 578, 583 (5th Cir. 2012).

In this second appeal, Garza first argues that the district court was without jurisdiction to convict him because the Government failed to allege and prove an element of the offense. Defects in an indictment, such as insufficient factual allegations, do not deprive the district court of subject matter jurisdiction. *United States v. Cotton*, 535 U.S. 625, 630-31 (2002); *United States v. Scruggs*, 714 F.3d 258, 263 (5th Cir. 2013).

AFFIRMED.